IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WILLIAM COLBORNE AMES, JR.**

    Petitioner,

v.                                                                          CIVIL ACTION NO. 2:16cv492

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner William Colborne Ames, Jr.'s ("Ames") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 6. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED**, and Ames' Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKROUND

On October 19, 2010, Petitioner William Colborne Ames, Jr., Michael Lassiter, and April Post were at Post's home watching television. ECF No. 2, attach. 1 at 1. Ames and Post began

1

to argue and Ames struck Post with his fists. *Id.* Post then grabbed a pipe near the chair in which she was sitting, but Ames took it from her and began to strike her with it. *Id.* Post moved toward the back door of the apartment and Ames pursued her outside. *Id.* Lassiter attempted to intervene at various times, but left to call the police when Ames came after him. *Id.* at 2.

Officers Barnes and Gallo responded to the call and found Post behind the apartment in a drainage ditch. *Id.* When Officer Barnes asked Post who attacked her, she responded by saying Ames' name three times. *Id.* Post then told both officers that she was unable to move and that she was paralyzed. *Id.* Post did not testify to these statements at trial, but the officers were allowed to recount her statements under the excited utterance hearsay exception. *Id.* at 3. Post was transported to the hospital, where a doctor determined she had a spinal cord injury. *Id.* at 2. A pre-existing condition called cervical stenosis was also discovered during her examination. *Id.* In addition to her spinal cord injury, Post suffered lacerations to her face, head, neck, and arms. *Id.* A laceration on her head required several metal staples. *Id.* At trial, Post's mother testified that Post could walk and move freely before the incident, but had not moved her limbs or breathed on her own since that time. *Id.*

Ames pled not guilty, but a jury convicted him of one count of aggravated malicious wounding on January 7, 2013. ECF No. 9, attach. 1 at 1-2. On March 8, 2013, the Newport News Circuit Court sentenced him to seventy-five years in prison, with twenty years suspended, resulting in an active sentence of fifty-five years. *Id.* at 3-4. Ames is presently confined pursuant to a final judgment of the Circuit Court. ECF No. 9, attach. 6 at 1.

Ames appealed his conviction to the Court of Appeals of Virginia on July 16, 2013, on two grounds. ECF No. 2, attach. 1 at 1, 3. First, he alleged that the prosecution failed to show that Post suffered a "permanent and significant physical impairment" as a result of his actions.

2

*Id.* at 1. Second, Ames alleged that the officers' testimony regarding statements Post made to them when they discovered her should have been excluded as hearsay. *Id.* at 3. In a decision on the merits, the court denied his petition on October 2, 2013, finding that the trial court reasonably found that Post's injuries were "permanent and significant," and that "the trial court did not abuse its discretion in admitting [Post's] statements as excited utterances." ECF No. 2, attach. 1 at 3-4. Ames' request that his case be heard by a three judge panel on October 10, 2013, was denied on February 27, 2014. ECF No. 9, attach. 3 at 6. Ames filed a petition in the Supreme Court of Virginia on March 28, 2014, on the same grounds as the appeal filed with the Virginia Court of Appeals. ECF No. 9, attach. 4 at 1-2. The court refused his petition for appeal on October 21, 2014. ECF No. 9, attach. 5 at 1.

Ames filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on September 24, 2015, alleging ineffective assistance of counsel. ECF No. 9, attach. 6 at 5. He alleged four grounds: (1) his trial counsel failed to rebut the prosecution's claim that Ames' "actions [were] the direct and proximate cause of April Post's injuries to sustain conviction for aggravated malicious wounding;" (2)(A) trial counsel failed to assert Ames' Sixth Amendment right to confront his accuser by filing a motion in limine before trial; (2)(B) trial counsel failed to object at trial to assert Ames's Sixth Amendment right to confront his accuser; (3)(A) trial counsel failed to investigate Ames' background for mitigating evidence to present at sentencing, and failed to call Ames' parents to testify at sentencing; (3)(B) trial counsel failed to ask Ames how he bettered himself in jail when he testified at his sentencing and for failing to advise Ames to explain various things to the sentencing court; (3)(C) trial counsel failed to call the probation officer who prepared the presentence investigation report to testify at Ames' sentencing; (3)(D) trial counsel failed to object when the court stated at sentencing that Ames discarded Post in a

ditch; and (4) trial counsel failed to protect Ames' statutory and constitutional right to a speedy trial by agreeing to continuances without Ames' consent. *Id.* at 6-7.

The Supreme Court of Virginia dismissed Ames' petition on June 17, 2016, finding that Ames satisfied "neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." ECF No. 9, attach. 10 at 1. For Claim 1, the court found that counsel could have reasonably believed that the cumulative evidence of Lassiter's testimony, the blood on the walls of the apartment, and Post's words to police upon her discovery, was sufficient "as a matter of law" and did not warrant rebuttal. *Id.* at 2. For Claim 2(A) and 2(B), the court found that counsel could have reasonably believed both that Post's statements were non-testimonial, and thus were not covered under Ames' Sixth Amendment right to confront his accuser, and that the cumulative evidence from other sources was sufficient to establish that Ames caused Post's injuries. *Id.* at 3-4.

For Claim 3(A), the court found that Ames was not prejudiced because, given the court's emphasis of the heinous nature of his actions as the reason for his sentence, Ames produced no support as to how the introduction of mitigating factors would have lessened his sentence. *Id.* at 4. For Claim 3(B), the court held that Ames satisfied neither the performance nor prejudice prongs because Ames failed to articulate what information would have been offered to the court had counsel asked him the proposed questions, and how this information would have lessened his sentence. *Id.* at 5. Similarly, for Claim 3(C), the court held that Ames failed to satisfy either prong because he did not articulate what the probation officer would have said had the officer been called, and failed to articulate how this information would have changed the determination of his sentence. *Id.* For Claim 3(D), the court again found that Ames did not satisfy either prong from *Strickland* because counsel could have reasonably found that Post was in the ditch as a

4

result of Ames actions, regardless of the exact sequence of events, so that his sentence would have been the same regardless of the exact manner in which Post ended up in the ditch. *Id.* at 6. For Claim 4, the court held that requesting or agreeing to continuances is a "tactical decision" that counsel can make, and that Ames showed no evidence that the continuances were without merit or caused prejudice. *Id.* at 6-7. Ames' petition for a rehearing en banc was subsequently denied. ECF No. 13 at 3.

Ames filed the instant Petition for federal habeas relief and a Memorandum in Support of his Petition on August 11, 2016, where he raised the same grounds alleged in his state habeas petition. ECF Nos. 1-2. Ames also requested the Court appoint counsel and order an evidentiary hearing for all of his claims. ECF No. 1 at 15. On September 19, 2016, the Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 6-9. Ames filed a Reply on October 19, 2016. ECF No. 13. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly

filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The Supreme Court of Virginia refused Ames' petition for appeal on October 21, 2014. Ames' time for filing a writ of habeas corpus in this Court began on January 19, 2015, or ninety days after the Supreme Court of Virginia refused his direct appeal and the time to appeal that order to the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Under § 2244(d)(1), Ames had until January 19, 2016, or one year after the expiration of his opportunity to seek direct review, to file his habeas petition in this Court, absent any tolling. Ames filed his state habeas petition on September 24, 2015, 248 days after the federal habeas statute of limitations began to run. His state habeas petition tolled the federal habeas statute of limitations for 267 days, calculated from the date Ames' state habeas petition was filed, to June 17, 2016, when the Supreme Court of Virginia dismissed the petition. After the dismissal on June 17, 2016, Ames had 117 days remaining to file his federal habeas petition. Thus, Ames' deadline to file his federal habeas petition was extended to October 12, 2016. Ames filed on August 11, 2016. Therefore, the undersigned **FINDS** that Ames' Petition is timely.

## B. Exhaustion

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Ames raised all present claims in his state habeas petition before the Supreme Court of Virginia. ECF No. 9, attach. 10. Although Ames raises concerns that Claims 2(B) and 4 were not addressed by the Supreme Court of Virginia, ECF No. 13 at 2, a petitioner must only "'fairly present' his claim in each appropriate state court" in order to meet the standard for exhaustion. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Additionally, this Court notes that Ames "concedes that all of his habeas claims have been exhausted," ECF No. 13 at 2, and the Respondent conceded that all of Ames' claims are exhausted, ECF No. 9 at 4. Accordingly, the undersigned **FINDS** that Ames has properly exhausted his state remedies.

## C. Ineffective Assistance of Counsel Claims

When a state court addressed the merits of a claim that is subsequently raised in a 28 U.S.C. § 2254 petition, a federal court may not grant habeas relief on that claim unless, *inter alia*, the state court decision is contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784. The Court independently reviews whether that decision satisfies either standard. *See Williams*, 529 U.S. at 412-13. A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by th[e] [U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e] [U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. As to whether a state court decision is an "['objectively'] unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." *Id.* at 410. Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is *firmly convinced* that a federal constitutional right has been violated." *Id.* at 389 (emphasis added). It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Indeed, federal habeas relief is precluded, "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[1] *Harrington*, 131 S. Ct. at 786. "If this standard

---

[1] In his Reply, Ames incorrectly states "that 'fairminded jurists could disagree on the correctness of the state court's decision' . . . so that this Court can grant federal habeas relief as prayed for in the petition." ECF No. 13, at 3; *see*

is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedent. It goes no farther.") (citation omitted). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). Here, as in *Premo*, because there is no allegation that the state courts decided Ames' state habeas "differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams*, 529 U.S. at 413, the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law." *Premo*, 131 S. Ct. at 739; *see also* 28 U.S.C. § 2254(d)(1).

Generally, to have been entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Ames had to show both that his defense counsel provided deficient assistance and that he was prejudiced as a result. *Strickland v. Washington*, 446 U.S. 668, 700 (1984). First, to establish deficient performance, Ames was required to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Ames was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a

---

*also, id.* at 13. The Court cannot overturn the state court's decision unless fairminded jurists could not disagree that the state court habeas decision was incorrect. This standard requires the Court give great deference to the state court decision, contrary to Ames' assertions in his Reply. *See id.* at 8, 10.

fair trial," and that the petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding.").

The United States Supreme Court summarized the high bar petitioners face in a federal habeas petition in the context of Sixth Amendment ineffective assistance of counsel claims previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*, 556 U.S. [---, ---], 129 S. Ct. [1411, 1420 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ---, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 131 S. Ct. at 740. With that standard in mind, the undersigned now turns to the merits of Ames' ineffective assistance of counsel claims.

The Supreme Court of Virginia was not unreasonable in finding that Ames failed to satisfy *Strickland*'s demanding standard with respect to Claim 1. Ames argued in his Reply that there was "no evidence in the record" to support that he threw Post in the ditch and he "could not have reasonably foreseen that the victim would accidentally fall into that ditch." ECF No. 13 at 7. However, the Supreme Court of Virginia found that it was futile for Ames' counsel to argue that Ames' actions did not cause Post's injuries, or that Post's injuries were the result of her own fall. ECF No. 9, attach. 10 at 2. Lassiter testified that Ames beat Post with both his fists and a pipe, and then chased her outside, where she eventually fell in the drainage ditch. *Id.* In his Reply, Ames asserted that Lassiter's testimony was the only evidence of the assault; however, this is not the case. ECF No. 13 at 5. Police found blood in Post's apartment near where she was

10

sitting as well as "spattered on the walls of the room." ECF No. 9, attach. 10 at 2. Post also told the officers that Ames attacked her when they found her in the ditch. *Id.* After the incident, Ames told an officer that "'they got to arguing and it just happened,'" and Ames apologized to Post's mother twice. *Id.* The cumulative evidence overwhelmingly contradicts Ames' argument that he did not beat her, so Ames' counsel could have reasonably made the decision to not argue that Ames' actions did not cause Post's injuries. Such tactical decisions are up to the discretion of counsel, and accordingly did not fall "below an objective standard of reasonableness." *See Stockton v. Commonwealth*, 314 Va. 124, 141 (1984). Ames thus fails to establish the performance prong of *Strickland*. Ames was also not prejudiced by his trial counsel's actions because Ames failed to prove that he suffered actual prejudice as a result of trial counsel's failure to make the aforementioned argument at trial given the significant evidence against him. Therefore, the Supreme Court of Virginia's decision was not unreasonable and the undersigned **RECOMMENDS** that Claim 1 be **DISMISSED**.

    Furthermore, the Supreme Court of Virginia was not unreasonable in finding that Ames failed to satisfy *Strickland* with respect to Claims 2(A) and 2(B). The court concluded that Ames' trial counsel did not fall below an objective standard of reasonableness and Ames was not prejudiced by his trial counsel's actions because Post's statement was likely not testimonial in nature, and thus Ames did not have a Sixth Amendment right to face his accuser. ECF No. 9, attach. 10 at 3. The Sixth Amendment's Confrontation Clause gives defendants the right to confront their accusers when the statements in question are testimonial in nature. *Davis v. Washington*, 547 U.S. 813, 822 (2006). The United States Supreme Court has recognized that "statements are . . . nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable

police assistance to meet an ongoing emergency." *Id.* The officer testified that Post made the statement to him while she was in the drainage ditch and needed medical care. ECF No. 9, attach. 10 at 3. The officer heard Post's statement while in the process of evaluating her need for and obtaining medical care for her, *id.*, meeting the exception to the Sixth Amendment right to confront an accuser for statements that are non-testimonial in nature.

Given this, it was reasonable for Ames' counsel not to file a motion in limine or object at trial on the grounds of violating Ames' Sixth Amendment right to confront his accuser as Ames proffers in Claims 2(A) and (B), as failure to make an unnecessary motion does not constitute ineffective assistance of counsel. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that "counsel is not required to make futile motions or objections"). Thus, counsel was not objectively unreasonable for failing to raise an argument contrary to established United States Supreme Court precedent. In addition, the state court did not unreasonably find that Ames was not prejudiced for counsel's failure to raise this issue because he has not shown that such an argument would have resulted in a different outcome. The Supreme Court of Virginia also found that Post's statements were "cumulative of other evidence," making its admittance not prejudicial to Ames even if counsel's actions met the performance prong from *Strickland*. ECF No. 9, attach. 10 at 4. Therefore, the undersigned **RECOMMENDS** that Claims 2(A) and 2(B) be **DISMISSED**.

The Supreme Court of Virginia was not unreasonable in finding that Ames failed to satisfy the *Strickland* standard with respect to Claim 3. Ames argued in Claim 3 that counsel failed to present mitigating evidence by not calling his parents to testify, not asking Ames questions about how he bettered himself in jail, not calling the probation officer who wrote the

presentence investigation report, and not objecting when the trial court used certain language about Ames' actions at sentencing. ECF No. 9, attach. 6 at 6-7.

In Claim 3(A), the Supreme Court of Virginia analyzed only the prejudice prong of *Strickland*.[2] ECF No. 9, attach. 10 at 4. At sentencing, the Circuit Court referred to Ames' actions as "'savage,' 'brutal,' 'heinous,' 'reprehensible,' 'cold-blooded,' and 'inhumane.'" *Id.* This characterization of Ames' actions led the court to find that "[p]etitioner fail[ed] to show a reasonable probability he would have received a lesser sentence had his parents testified . . . ." *Id.* The court was reasonable in finding that the trial court's statements about the nature of the crime outweighed any potential positive testimony about Ames' character.

Further, the Supreme Court of Virginia was reasonable in concluding that Claim 3(B) failed on both the performance and prejudice prongs from Strickland. *Id.* at 5. Ames contended that counsel should have asked him about his improvement since entering prison and other similar questions. ECF No. 2 at 25. However, Ames failed to advise the state court as to what the answers to these questions would be and how this information would have changed the outcome of the case. For these reasons, Ames fails to meet both the performance and the prejudice prong for Claim 3(B).

Ames additionally fails to meet the performance and prejudice prongs regarding Claim 3(C). Ames alleged counsel was deficient for failing to call to testify the probation officer who prepared the pre-sentence report. ECF No. 2 at 27. Ames failed to present to the court what the probation officer would have testified beyond the contents of the report itself. *Id.* Petitioners cannot assert ineffective assistance of counsel "on the general claim that additional witnesses

---

[2] Ames incorrectly stated that the state court found that he satisfied the performance prong of *Strickland*, ECF No. 13 at 8, but the court did not analyze this prong at all, since Ames failed to meet the prejudice prong. ECF No. 9, attach. 10 at 4. A state court does not have to make a determination on the performance prong if it finds that the prejudice prong has not been met. *Strickland*, 466 U.S. at 697.

should have been called in mitigation." *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (holding that "[t]he great failing of the appellant . . . is the absence of a proffer of testimony from a witness . . . he claims his attorney should have called [because] . . . he does not advise us of . . . what these witnesses might have said, if they had been called to testify.").

For Claim 3(D), Ames' last allegation is that counsel failed to object when the Circuit Court stated at sentencing that "petitioner had discarded the victim in a ditch." ECF No. 9, attach. 10 at 5. Ames argued that fact was not proven at trial. *Id.* at 5-6. As discussed with Claim 1, there is significant evidence that Ames caused Post to fall into the ditch. Sec. II.C. *supra*. Nonetheless, the Supreme Court found that regardless of what caused Post to fall into the ditch, it had been established that she was there as a result of Ames' actions, and thus the statement would not have had an effect on the sentence. ECF No. 9, attach. 10 at 6. The Supreme Court of Virginia determined that Ames' trial counsel did not fall below an objective standard of reasonableness on these counts and Ames was not prejudiced by his trial counsel's actions on any of the allegations in Claim 3. *Id.* The Supreme Court of Virginia's decision was not unreasonable, and therefore the undersigned **RECOMMENDS** that Claims 3(A), 3(B), 3(C), and 3(D) be **DISMISSED**.

Lastly, the Supreme Court of Virginia was not unreasonable in finding that Ames failed to satisfy the *Strickland* standard with respect to Claim 4. Ames alleged that his trial counsel waived Ames' Sixth Amendment right to a speedy trial when counsel agreed to continuances without Ames' permission. *Id.* The Virginia statutory period for speedy trial "shall not apply to [the period of time in question] as the failure to try the accused was caused . . . by continuance granted on the motion of the accused *or his counsel*, or by concurrence of the accused *or his counsel* in such a motion by the attorney for the Commonwealth . . . ." Va. Code Ann. § 19.2-

243 (2017) (emphasis added). The Supreme Court found that filing for or agreeing to continuances is a "tactical decision, generally left to the discretion of trial counsel." ECF No. 9, attach. 10 at 6. Ames contended that had counsel not agreed to the continuances, Lassiter would have been unavailable to testify and Ames would not have been convicted, but Ames failed to offer any support for this contention. *Id.* The Supreme Court of Virginia was not unreasonable in its application of the law because tactical decisions are generally left up to counsel. *See Stockton v. Commonwealth*, 314 Va. 124, 141 (1984). Ames thus failed to meet either the performance or prejudice prongs from *Strickland* on Claim 4. The Supreme Court of Virginia's decision was not unreasonable, and therefore the undersigned **RECOMMENDS** that Claim 4 be **DISMISSED**.

### D. Ames' Request for an Evidentiary Hearing

In the instant Petition, Ames also requested an evidentiary hearing. ECF No. 1 at 15. Among other requirements, an evidentiary hearing is permitted "only when the petitioner alleges additional facts that, if true, would entitle him to relief." *Beaver v. Thompon*, 93 F.3d 1186, 1190 (4th Cir. 1996). However, Ames failed to demonstrate what additional facts regarding trial counsel's strategy decisions could be gleaned from such a hearing, and how any such additional facts could somehow establish that the result of the proceeding would have been different. Moreover, as discussed in Sec. II.C, *supra*, further understanding of counsel's trial strategy to support Claims 1, 2, 3, and 4 would not entitle Ames to relief. Therefore, Ames' request for an evidentiary hearing is **DENIED**.

15

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED,** and Ames' Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Ames is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

17

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 13, 2017